UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STANDARD FIRE INSURANCE CO., )
                              )
         Plaintiff,           )
                              )
v.                            )    CIVIL ACTION NO. 04-12244 GAO
                              )
CROSBY YACHT YARD, INC. AND   )
OYSTER HARBORS MARINE, INC.,  )
                              )
         Defendants.          )

## ANSWER OF CROSBY YACHT YARD, INC.

Now comes the defendant, Crosby Yacht Yard, Inc., (hereinafter, "Crosby"), in the above captioned matter, by and through its undersigned attorneys, Holbrook & Murphy, and respectfully files its Answer to the Plaintiff's Complaint as follows:

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies same.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies same.

3. The defendant admits the allegations contained in Paragraph 3.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore denies same.

5. The defendant admits the allegations contained in Paragraph 5.

6. The defendant admits the allegations contained in Paragraph 6.

7. Defendant Crosby admits there was a fire at its premises on or about December 10, 2003, and that various vessels were destroyed, but denies the remaining allegations contained in Paragraph 7.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore denies same.

9. The allegations contained in Paragraph 9 are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

10. The defendant admits the allegations contained in Paragraph 10.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore denies same.

12. Defendant Crosby admits the described vessel was at the defendant's facility but denies the remaining allegations contained in Paragraph 12.

13. Defendant Crosby admits the described vessel was at the defendant's facility but denies the remaining allegations contained in Paragraph 13.

14. Defendant Crosby admits the described vessel was at the defendant's facility but denies the remaining allegations contained in Paragraph 14.

15. Defendant Crosby admits the described vessel was at the defendant's facility but denies the remaining allegations contained in Paragraph 15.

16. Defendant Crosby admits the described vessel was at the defendant's facility but denies the remaining allegations contained in Paragraph 16.

17. Defendant Crosby admits the described vessel was at the defendant's facility but denies the remaining allegations contained in Paragraph 17.

18. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies same.

19. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore denies same.

20. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore denies same.

21. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies same.

22. The defendant denies the allegations contained in Paragraph 22.

23. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore denies same.

24. Defendant Crosby admits there was a fire at the defendant's premises on or about December 10, 2003, but denies the remaining allegations contained in Paragraph 24.

25. Defendant Crosby admits there was extensive damage from the fire but denies the remaining allegations contained in Paragraph 25.

26. Defendant admits various vessels were destroyed, but is without knowledge as to the Oyster Harbor vessels and denies the remaining allegations contained in Paragraph 26.

27. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore denies same.

28. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore denies same.

## COUNT I - BREACH OF CONTRACT OF BAILMENT
## CROSBY YACHT YARD

29. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Twenty-Eight (28), inclusive, of its Answer and incorporates same by reference herein.

30. Defendant Crosby admits the above described vessels were locate at defendant's

premises but denies the remaining allegations contained in Paragraph 30.

31.  The defendant denies the allegations contained in Paragraph 31.

32.  The defendant denies the allegations contained in Paragraph 32.

33.  The defendant denies the allegations contained in Paragraph 33.

34.  Defendant Crosby admits various vessels were destroyed by fire but denies the remaining allegations contained in Paragraph 34.

35.  The defendant denies the allegations contained in Paragraph 35.

36.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and therefore denies same.

37.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore denies same.

38.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and therefore denies same.

39.  The defendant admits the allegations contained in Paragraph 39.

WHEREFORE, the defendant prays that Count I of Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

## COUNT II - BREACH OF CONTRACT OF BAILMENT
## OYSTER HARBORS MARINE

40.  No Answer is required of this defendant.

41.  No Answer is required of this defendant.

42.  No Answer is required of this defendant.

43.  No Answer is required of this defendant.

44.  No Answer is required of this defendant.

45. No Answer is required of this defendant.

46. No Answer is required of this defendant.

47. No Answer is required of this defendant.

48. No Answer is required of this defendant.

49. No Answer is required of this defendant.

50. No Answer is required of this defendant.

### COUNT III - NEGLIGENCE
### CROSBY YACHT YARD

51. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Fifty (50), inclusive, of its Answer and incorporates same by reference herein.

52. The defendant denies the allegations contained in Paragraph 52.

53. The defendant denies the allegations contained in Paragraph 53.

54. The defendant denies the allegations contained in Paragraph 54.

55. The defendant denies the allegations contained in Paragraph 55.

56. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and therefore denies same.

57. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, and therefore denies same.

WHEREFORE, the defendant prays that Count III of Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

## COUNT IV - NEGLIGENCE
## OYSTER HARBORS MARINE

58. No Answer is required of this defendant.

59. No Answer is required of this defendant.

60. No Answer is required of this defendant.

61. No Answer is required of this defendant.

62. No Answer is required of this defendant.

63. No Answer is required of this defendant.

## COUNT V - RES IPSA LOQUITUR
## CROSBY YACHT YARD

64. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Sixty-Three (63), inclusive, of its Answer and incorporates same by reference herein.

65. The defendant denies the allegations contained in Paragraph 65.

66. The defendant denies the allegations contained in Paragraph 66.

67. The defendant admits the allegations contained in Paragraph 67.

68. The defendant denies the allegations contained in Paragraph 68.

69. The defendant denies the allegations contained in Paragraph 69.

70. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, and therefore denies same.

71. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, and therefore denies same.

WHEREFORE, the defendant prays that Count V of Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

## COUNT VI - BREACH OF WARRANTY
## CROSBY YACHT YARD

72. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Seventy-One (71), inclusive, of its Answer and incorporates same by reference herein.

73. The defendant denies the allegations contained in Paragraph 73.

74. The defendant denies the allegations contained in Paragraph 74.

75. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75, and therefore denies same.

76. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76, and therefore denies same.

WHEREFORE, the defendant prays that Count VI of Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

## COUNT VII - BREACH OF WARRANTY
## OYSTER HARBORS MARINE

77. No Answer is required of this defendant.

78. No Answer is required of this defendant.

79. No Answer is required of this defendant.

80. No Answer is required of this defendant.

81. No Answer is required of this defendant.

## COUNT VIII - VIOLATION OF M.G.L., C.93A
## CROSBY YACHT YARD

82. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Eighty-One (81), inclusive, of its Answer and incorporates same by

reference herein.

83. The defendant admits the allegations contained in Paragraph 83.

84. The defendant denies the allegations contained in Paragraph 84.

85. The defendant denies the allegations contained in Paragraph 85.

86. The defendant denies the allegations contained in Paragraph 86.

WHEREFORE, the defendant prays that Count VIII of Plaintiff's Complaint be dismissed together with costs and reasonable attorneys' fees.

## **AFFIRMATIVE DEFENSES**

Now comes the Defendant and incorporates the following Affirmative Defenses into each and every COUNT contained in its Answer to Plaintiff's Complaint as follows:

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff's insureds' vessels were damaged as alleged, which is specifically denied, it was due in whole or in part to the Plaintiff's insureds' own negligence, failures and breaches.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff's insureds' vessels were damaged as alleged herein, which is specifically denied, it was due to the action and/or omissions of individuals for whom the Defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff's insureds' vessels were damaged as alleged herein, which is specifically denied, said damage was sustained as a result of an Act of God, for which the Defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff's insureds' vessels were damaged as alleged herein, which is specifically denied, said damage was sustained as a result of an intervening and/or superseding act that was not the fault or responsibility of the Defendant.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff's Complaint should be dismissed under the doctrines of estoppel and/or waiver.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the plaintiff's allegations sounding in tort, fail to state a cause of action upon which relief can be granted.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the plaintiff is entitled to damages, which is specifically denied, said damages are limited to contract damages.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff's Complaint is barred by the applicable statute of limitations.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the plaintiff's complaint is barred by laches.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff has failed to state a claim upon which relief can

be granted because the defendant is contractually immune from liability pursuant to the agreement between the parties.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff is required to indemnify and hold the defendant harmless pursuant to the agreement between the parties.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that it owes no duty of care to the plaintiff because it did not exercise sufficient care, custody or control over the subject vessels.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that storage of the plaintiff's insureds' vessels was merely a lease of space and therefore the defendant does not owe a duty of care to the plaintiff.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff sustained damages as alleged herein, which is specifically denied, it was due to the criminal and unlawful action and/or omissions of individuals for whom the defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff sustained damages as alleged herein, which is specifically denied, the plaintiff has failed and refused to provide documentary proof of said damages.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff's insureds sustained damages, which is specifically denied, said damages are limited by law to the value of the vessel.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE

DEFENSE, defendant states the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted because the plaintiff's insureds agreed with the defendant before December 10, 2003, to shift the risk of loss to the plaintiff's insureds.

**WHEREFORE,** the defendant prays that the above Complaint be dismissed together with costs and reasonable attorneys' fees.

The defendant claims trial by jury on all issues raised in Plaintiff s Complaint, Defendants' Answer and Affirmative Defenses.

The Defendant,
By its attorney,

/s/ Seth S. Holbrook
Seth S. Holbrook, BBO# 237850
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com

**Certificate of Service**

I hereby certify that on January 21, 2005, I electronically filed the Answer of Crosby Yacht Yard, Inc. with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Robert E. Kiely, Regan & Kiely LLP, 85 Devonshire Street, Boston, Massachusetts  02109.

/s/ Seth S. Holbrook
Seth S. Holbrook, BBO# 237850
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com
