UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************************
STANDARD FIRE INSURANCE COMPANY,
    Plaintiff

VS.                                DOCKET NO. 04-12244 GAO

CROSBY YACHT YARD, INC. and
OYSTER HARBORS MARINE, INC.,
    Defendants
*******************************************

## ANSWER OF THE DEFENDANT, OYSTER HARBORS MARINE, INC., TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

1. The defendant admits that the plaintiff is Standard Fire Insurance Company. The defendant has no information relating to and therefore denies all allegations of "subrogated to the rights of certain claimants" and specifically calls upon the plaintiff to prove same. The defendant admits that on or about December 10, 2003, there was a fire at the Crosby Yacht Yard in Osterville, Massachusetts and denies all of the remaining allegations of this paragraph.

2. The defendant does not have any direct information relating to the corporate status of the plaintiff or its principle place of business, but admits same as alleged in this paragraph. However, the defendant has no information relating to claimed payments made as alleged in this paragraph and therefore denies same and calls upon the plaintiff to prove same.

3. This defendant has no information relating to the corporate status of Crosby Yacht Yard and is unable to admit or deny the allegations of this paragraph. Moreover, the allegations of this paragraph do not apply to this defendant the defendant declines to answer same.

4. The defendant admits the allegations set forth in this paragraph.

5. The defendant denies the allegations set forth in this paragraph.

6. The defendant admits the allegations set forth in this paragraph.

7. The defendant, Oyster Harbors Marine, denies that it is responsible for any damage as alleged in this paragraph and denies that any "fire" started at the Oyster Harbors Marine boat storage. Oyster Harbors Marine admits that certain persons contracted with Oyster Harbors Marine for winter storage of vessels and that all obligation by Oyster Harbors Marine were controlled by the contractual agreements.

8. The defendant has no knowledge relating to the allegations of this paragraph and therefore denies same.

9. The defendant denies the allegations set forth in this paragraph.

10. The defendant has no knowledge in regards to the allegations of this paragraph and therefore declines to answer.

11. The defendant admits that it had contractual relationships with certain individuals and that the obligations of Oyster Harbors Marine were controlled by the terms of contracts.

12. The defendant, Oyster Harbors Marine, has no information relating to the allegations of these paragraph and therefore deny same.

13. The defendant, Oyster Harbors Marine, has no information relating to the allegations of these paragraph and therefore deny same.

14. The defendant, Oyster Harbors Marine, has no information relating to the allegations of these paragraph and therefore deny same.

15. The defendant, Oyster Harbors Marine, has no information relating to the allegations of these paragraph and therefore deny same.

16. The defendant, Oyster Harbors Marine, has no information relating to the allegations of these paragraph and therefore deny same.

17. The defendant, Oyster Harbors Marine, has no information relating to the allegations of these paragraph and therefore deny same.

18. The defendant admits that Paul Kaneb agreed pursuant to the 2003 – 2004 storage agreement (a copy of which is attached herein as Exhibit A and specifically incorporated herein) in that under that all obligations were controlled by the terms of the agreement signed by Paul Kaneb.

19. The defendant admits that John Laurendeau agreed pursuant to the 2003 – 2004 storage agreement (a copy of which is attached as Exhibit B and specifically incorporated herein) for storage and that all obligations are controlled by the terms of the agreement.

20. The defendant, Oyster Harbors Marine, has no information relating to the allegations of these paragraph and therefore deny same.

21. The defendant, Oyster Harbors Marine, has no information relating to the allegations of these paragraph and therefore deny same.

22. The allegations of this paragraph do not apply to this defendant and therefore declines to answer same.

23.  The defendant answers that any notes that were delivered to Oyster Harbors Marine were done so in conformance with and subject to the 2003 – 2004 storage agreement which sets out the obligations of the various parties.

24.  The defendant admits the allegations set forth in this paragraph.

25.  The defendant admits that fire, not caused by or otherwise the responsibility of Oyster Harbors Marine did cause damage to various property but denies any further allegations set forth in this paragraph.

26.  The defendant denies that it is liable to any part as claimed in this paragraph.

27.  The defendant has no information relating to the allegations of this paragraph and therefore denies same and calls upon the plaintiff to prove same.

28.  The defendant has no information relating to the allegations of this paragraph and therefore denies same and calls upon the plaintiff to prove same.

## COUNT I

29.  The defendant restates the answers to paragraphs 1 through 28 of the Complaint.

30.  The allegations of this paragraph do not apply to this defendant and therefore declines to answer same.

31.  The allegations of this paragraph do not apply to this defendant and therefore declines to answer same.

32.  The allegations of this paragraph do not apply to this defendant and therefore declines to answer same.

33.  The allegations of this paragraph do not apply to this defendant and therefore declines to answer same.

34.  The allegations of this paragraph do not apply to this defendant and therefore declines to answer same.

35.  The allegations of this paragraph do not apply to this defendant and therefore declines to answer same.

36.  The allegations of this paragraph do not apply to this defendant and therefore declines to answer same.

37.  The allegations of this paragraph do not apply to this defendant and therefore declines to answer same.

38. The allegations of this paragraph do not apply to this defendant and therefore declines to answer same.

39. The allegations of this paragraph do not apply to this defendant and therefore declines to answer same.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

## COUNT II

40. The defendant restates the answers to paragraphs 1 through 39 of the Complaint.

41. The defendant admits only that it made arrangements with certain individuals, as evidenced by the 2003 – 2004 storage agreement and that all obligations were controlled by those storage agreements. The defendant denies any further allegations in this paragraph.

42. The defendant admits only that it made arrangements with certain individuals, as evidenced by the 2003 – 2004 storage agreement and that all obligations were controlled by those storage agreements. The defendant denies any further allegations in this paragraph.

43. The defendant admits only that it made arrangements with certain individuals, as evidenced by the 2003 – 2004 storage agreement and that all obligations were controlled by those storage agreements. The defendant denies any further allegations in this paragraph.

44. The defendant admits only that it made arrangements with certain individuals, as evidenced by the 2003 – 2004 storage agreement and that all obligations were controlled by those storage agreements. The defendant denies any further allegations in this paragraph.

45. The defendant admits that a fire did occur, not as the result of or otherwise the responsibility of Oyster Harbors Marine. The defendant denies all further allegations in this paragraph.

46. The defendant denies the allegations set forth in this paragraph.

47. The defendant denies the allegations set forth in this paragraph.

48. The defendant denies any liability as alleged in this complaint. Further, Oyster Harbors Marine has no information relating to the claimed amount of payment and obligations to make payment and therefore denies same.

49. The defendant denies that it is liable to any person. Moreover, the defendant has no information relating to the further allegations in this paragraph and therefore denies same.

50. The defendant denies that a demand has been made and further states that it owes no liability to any person and therefore would have no obligation to make any payment.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

### COUNT III

51. The defendant restates the answers to paragraphs 1 through 50 of the Complaint.

52. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

53. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

54. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

55. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

56. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

57. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

### COUNT IV

58. The defendant restates the answers to paragraphs 1 through 57 of the Complaint.

59. The defendant denies the allegations set forth in this paragraph. Each and every vessel was subject to a 2003 – 2004 storage agreement which sets out the terms of the storage.

60. The defendant denies that it is liable to any person for damages and therefore denies the allegations set forth in this paragraph.

61. The defendant denies that it is liable to any person for damages and therefore denies the allegations set forth in this paragraph.

62. The defendant has no knowledge relating to the allegations of this paragraph and therefore denies same and calls upon the plaintiff to prove same.

63. The defendant has no knowledge relating to the allegations of this paragraph and therefore denies same and calls upon the plaintiff to prove same.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

## COUNT V

64. The defendant restates the answers to paragraphs 1 through 63 of the Complaint.

65. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

66. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

67. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

68. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

69. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

70. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

71. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

## COUNT VI

72. The defendant restates the answers to paragraphs 1 through 71 of the Complaint.

73. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

74. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

75. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

76. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

### COUNT VII

77. The defendant restates the answers to paragraphs 1 through 76 of the Complaint.

78. The defendant denies the allegations of this paragraph. Each and every boat as alleged in this complaint was subject to a storage agreement which sets forth the obligations of the parties.

79. The defendant denies that it is liable to any party.

80. The defendant has no knowledge relating to the allegations of this paragraph and relation to payments made and therefore denies same and specifically calls upon the plaintiff to prove same. In further answering, the defendant denies that it is liable to any party.

81. The defendant has no information relating to the allegations in this paragraph and therefore denies same and specifically calls upon the plaintiff to prove same.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

### COUNT VIII

82. The defendant restates the answers to paragraphs 1 through 81 of the Complaint.

83. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

84. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

85. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

86. The defendant declines to answer the allegations set forth in paragraph because these allegations do not pertain to the defendant.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

**THE DEFENDANT, OYSTER HARBORS MARINE, DEMAND A TRIAL BY JURY.**

## AFFIRMATIVE DEFENSES

1. The defendant specifically pleads release.

2. The defendant specifically pleads comparative negligence.

3. The defendant specifically pleads lack of subject matter jurisdiction insofar as admiralty. Fed.R.Civ.P. Rule 12(b)(1).

4. The defendant specifically pleads lack of subject matter jurisdiction insofar as diversity of citizenship. Fed.R.Civ.P. Rule 12(b)(1).

5. The defendant specifically pleads failure to state a claim upon which relief can be granted. Fed.R.Civ.P. Rule 12(b)(6).

6. The defendant specifically pleads failure to properly notify of any alleged breach of warranty.

Respectfully submitted,

John H. Bruno II, Esquire
B.B.O. No. 542098
Masi & Bruno
124 Long Pond Road
Unit 11
Plymouth, MA 02360
(508)747-5277

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail / hand on 1/20/05

8

# EXHIBIT A

Case 1:04-cv-12244-GAO   Document 6   Filed 01/21/2005   Page 9 of 14

122 Bridge Street, Osterville, MA 02655
508-428-2017 * fax 508-420-5398

## 2003-2004 STORAGE AGREEMENT

Paul D. Kaneb
165 Bayberry Way
OstervilleMA02655

ACCOUNT #:                           BOAT NAME:      **WESTERLY**

BOAT MFG: Oyster Harbors Marine       LOA: 24

### PLEASE FILL IN OR CORRECT THE ABOVE INFORMATION

**BOAT STORAGE CHARGE   $  $1,644.00**
FOR STORAGE 10/01/03 to 06/30/04

**50% DUE WITH CONTRACT (by 10/1/03) $   $822.00**

**50% TO BE BILLED 11/01/03            $   $822.00**

1. 50% of the charges set forth are due and payable upon acceptance of the contract and the remaining balance payable upon receipt of bill from Oyster Harbors Marine for storage, unless other arrangements are made. The above charge does not include any charges for winterizing, maintaining, repairing, or any other services.

2. Standard lay-up and winterizing procedures will be performed on all boats. This consists of removal, where feasible, and storage of all electronic and engine electrical equipment including batteries. This work will be billed at standard yard rates.

3. In the event additional boats, dinghies, skiffs, outboard motors, or property (including batteries and outboard tanks) are stored, they shall be stored subject to the terms and conditions herein listed, at a rate to be determined at the time of storage.

4. That additional charges will be made for the storage of the property beyond the period hereinbefore set forth, but that there will be no refund, rebate or reduction for storage for any lesser period.

5. That the yard does not carry any insurance on the stored property and will not be held responsible or liable for any damage or loss to, or of, the property listed herein, or any other property or gear stored therein, and the Owner will obtain his own insurance and will hold the Yard, its Agents and Employees, harmless and free from all loss or claims arising out of the presence of the Owner's said property upon the Yard's premises.

6. That all work on boats out of water, in storage will be done by the Yard, unless otherwise agreed, in which case the Owner, his Agents, Servants, Captains, and individual Guests will hold the Yard harmless and free from personal injury incurred there from.

7. The Owner agrees to pay storage charges as set forth on the face of the contract, and understands that no boat may be removed from the storage area unless all accrued storage, repair, and all other charges are paid in full. In the event the boat is sold during the term of this contract, the Owner, who signed this contract, shall be responsible for all charges authorized or required under this contract, and the boat may only be sold subject to the terms and conditions of this contract. Invoices for work - either in process, or completed - are due and payable upon presentation.

8. The yard must be notified in writing when a boat in storage is listed for sale. No one will be allowed aboard a boat for inspection, due to insurance regulations, without notification of the Yard by the Owner or his Agent. Assistance given by the yard personnel will be charged at the normal labor rate on boats listed for sale at the Yard. This charge will be waived when appropriate.

9. The Yard specifically reserves all common law, statutory and admiralty liens, created by law, including, but not limited to, mechanics and maritime liens.

10. The rights and remedies provided by the Agreement shall be in addition to all other rights and remedies provided by law.

11. This agreement shall be governed by laws of the Commonwealth of Massachusetts.

Signature: _[signed]_     Paul D. Kaneb    Vessel's Owner/Agent         Date: September 16, 2003

Please submit a signed copy of this contract with your 50% deposit by October 1, 2003.

PAID 9/17/03
$1,644.00

# EXHIBIT B

DEC-07-2004 10:41   OYSTER HARBOR MARINE            5084205398    P.07/08
                    122 Bridge Street, Osterville, MA 02655
                         508-428-2017  *  fax 508-420-5398

## 2003-2004 STORAGE AGREEMENT

**John Laurendeau**
**6 Babe Ruth Drive**
**Sudbury MA 01776**

ACCOUNT #:                BOAT NAME:   **SWEET CAROLINE (45)**

BOAT MFG: **Cabo**     LOA: **45**

### PLEASE FILL IN OR CORRECT THE ABOVE INFORMATION

BOAT STORAGE CHARGE   $ $2,542.50              *Paid in Full*
FOR STORAGE 10/01/03 to 06/30/04
                                                ✓ # 5621
50% DUE WITH CONTRACT (by 10/1/03)  $ $1,271.25

50% TO BE BILLED 11/01/03          $ $1,271.25

1. 50% of the charges set forth are due and payable upon acceptance of the contract and the remaining balance payable upon receipt of bill from Oyster Harbors Marine for storage, unless other arrangements are made. The above charge does not include any charges for winterizing, maintaining, repairing, or any other services.

2. Standard lay-up and winterizing procedures will be performed on all boats. This consists of removal, where feasible, and storage of all electronic and engine electrical equipment including batteries. This work will be billed at standard yard rates.

3. In the event additional boats, dinghies, skiffs, outboard motors, or property (including batteries and outboard tanks) are stored, they shall be stored subject to the terms and conditions herein listed, at a rate to be determined at the time of storage.

4. That additional charges will be made for the storage of the property beyond the period hereinbefore set forth, but that there will be no refund, rebate or reduction for storage for any lesser period.

5. That the yard does not carry any insurance on the stored property and will not be held responsible or liable for any damage or loss to, or of, the property listed herein, or any other property or gear stored therein, and the Owner will obtain his own insurance and will hold the Yard, its Agents and Employees, harmless and free from all loss or claims arising out of the presence of the Owner's said property upon the Yard's premises.

6. That all work on boats out of water, in storage will be done by the Yard, unless otherwise agreed, in which case the Owner, his Agents, Servants, Captains, and individual Guests will hold the Yard harmless and free from personal injury incurred there from.

7. The Owner agrees to pay storage charges as set forth on the face of the contract, and understands that no boat may be removed from the storage area unless all accrued storage, repair, and all other charges are paid in full. In the event the boat is sold during the term of this contract, the Owner, who signed this contract, shall be responsible for all charges authorized or required under this contract, and the boat may only be sold subject to the terms and conditions of this contract. Invoices for work - either in process, or completed - are due and payable upon presentation.

8. The yard must be notified in writing when a boat in storage is listed for sale. No one will be allowed aboard a boat for inspection, due to insurance regulations, without notification of the Yard by the Owner or his Agent. Assistance given by the yard personnel will be charged at the normal labor rate on boats listed for sale at the Yard. This charge will be waived when appropriate.

9. The Yard specifically reserves all common law, statutory and admiralty liens, created by law, including, but not limited to, mechanics and maritime liens.

10. The rights and remedies provided by the Agreement shall be in addition to all other rights and remedies provided by law.

11. This agreement shall be governed by laws of the Commonwealth of Massachusetts.

Signature: _____ Vessel's Owner/Agent       Date: 9/24/03

Please submit a signed copy of this contract with your 50% deposit by October 1, 2003.

                                                              9-24-3
                                                              # 2542.50

| Form 3982<br>(Rev. July 2004) | Department of the Treasury - Internal Revenue Service<br>**Billing Support for Lien and Certificate Fees** | |
|---|---|---|
| Area Office<br>New England | Serial No.<br>492003222 | **Recording Fee** (Enter Amount Claimed)<br>$ _____ |
| Instructions<br>The recording office is to attach this form to its billings of fees for liens and related certificates. One copy of this form is required for each recording or release fee. | | **Release Fee** (Enter Amount Claimed)<br>$ _____ |
| Type of document (Check one):    Lien ☐    Certificate ☒ | | |

Name of Taxpayer
Jerald Cohen

Residence or Place of Business
[illegible] Road
[illegible], MA 0[illegible]

Part 2-To be kept by the Internal Revenue Service    Cat. No. 22590H    www.irs.gov    Form **3982** (Rev. 07-2004)

Department of the Treasury - Internal Revenue Service

# Revocation of Certificate of Release of Federal Tax Lien

For Use by Recording Office

| District | Serial Number |
|---|---|
| New England | 49209322 |

I certify that we mistakenly issued a Certificate of Release of Federal Tax Lien under IRC Section 6325 (a). Therefore, under the provisions of IRC Section 6325(f)(2), the Certificate of Release of Federal Tax Lien for the taxes listed below is revoked and the lien is reinstated. The proper officer in the office where the notice of internal revenue tax lien was filed on February 6, 1992, is authorized to note the books to show the revocation of this release of lien for these taxes and additions.

**Name of Taxpayer**
Jerald Cohen

**Residence**
392 Plainfield Road
Concord, MA 01742

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 6672 | 03/31/1990 | 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 | 09/02/1991 | N/A | 63397.06 |
| 6672 | 03/31/1991 | 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 | 09/02/1991 | N/A | 45317.13 |

**Place of Filing**
U.S. District Court
USDC ELECTRONIC
Boston, MA 02109

Total  $108,714.19

This notice was prepared and signed at Boston, Massachusetts, on this, the 18th day of January 2005.

**Signature**
A.J. Behrle, Jr.

**Title**
Manager, Technical Services Group

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Revocation of Certificate of Release of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)