UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STANDARD FIRE INSURANCE COMPANY,
    Plaintiff

VS.                                                    DOCKET NO. 04-12244 GAO

CROSBY YACHT YARD, INC. and
OYSTER HARBORS MARINE, INC.,
    Defendants
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION TO AMEND ANSWER OF THE DEFENDANT, OYSTER HARBORS MARINE, INC., TO ADD CROSSCLAIM

Pursuant to Local Rule 7.1, and Federal Rules of Civil Procedure Rule 15, the Oyster Harbors Marine, Inc. seeks this Court's permission to amend its answer by adding a crossclaim against Crosby Yacht Yard, Inc. The circumstances of this case arise out of a fire which happened on December 10, 2003. It is claimed that the fire began at the Crosby Yacht Yard and spread to the adjacent marina, which is the co-defendant, Oyster Harbors Marine. Oyster Harbors Marine has been sued as a co-defendant with Crosby Yacht Yard by the subrogated insurers for various yachts that were damaged in the fire.

Oyster Harbors Marine now seeks the court's permission to amend its answer by filing a crossclaim for contribution and indemnification as to Crosby Yacht Yard. Federal Rules of Civil Procedure Rule 15A allows a party to amend its pleadings, only by leave of court or written consent if twenty days have expired since service. Pursuant to **Foreman v. Davis**, 371 US 178, 182, 83 S.Ct. 227, 9 L.Ed. 2n 222 (1962), in the absence of sufficient reasons for denying the leave to amend which is undue delay, bad faith or dilatory motive by the moving party, leave to amend should be granted. In this case, the Oyster Harbors Marine seeks to amend its answer by adding a crossclaim for contribution and for indemnification. In both instances, the claims could

1

be brought by separate action insofar as they have not been time barred. Moreover, the claims for contribution and indemnification arise out of the exact same circumstances upon which the plaintiff's claim is based. Finally, in a second action, *Ace American Insurance Company, et al. vs. Crosby Yacht Yard, Inc., et al.* Civil Action No. 04-12252WGY pending in the United States District Court for the District of Massachusetts, again based on the same incident fire of December 10, 2003, raising the same incident of fire on December 10, 2003, the Oyster Harbors Marine has raised its claims for contribution and indemnification.

Allowing the amendment of the answer to include crossclaims for contribution and indemnification will promote judicial economy and allow this court to decide all of the issues arising out of the same fire incident upon which the plaintiff's base their claim for damages. The case has not been assigned to a scheduling conference or other pre-trial conference. To date, neither the plaintiffs nor the co-defendant have submitted initial disclosures. Consequently, there is no argument for any party to be prejudice or for this case to be delayed in any fashion by at this early stage in the litigation allowing the Oyster Harbors Marine to file its crossclaims against the co-defendant for contribution and indemnification.

The Oyster Harbors Marine, Inc., then, would ask this court to file its crossclaims for contribution and indemnification, copies of which are attached hereto as Exhibit A.

Respectfully submitted,

John H. Bruno II, Esquire
B.B.O. No. 542098
Masi & Bruno
124 Long Pond Road
Unit 11
Plymouth, MA 02360
(508)747-5277

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail / hand on
_____3/10/05_____

2