UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **STANDARD FIRE INSURANCE CO.,** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**CROSBY YACHT YARD, INC. AND** )<br>**OYSTER HARBORS MARINE, INC.,** )<br>)<br>Defendants. ) | CIVIL ACTION NO. 04-12244 GAO |

**DEFENDANT CROSBY YACHT YARD, INC.'S ANSWER TO PLAINTIFFS ACE AMERICAN INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, MARYLAND CASUALTY COMPANY, NORTHERN INSURANCE COMPANY, SOLDIER OF FORTUNE CORPORATION, DIANE L. COMOLETTI AND JAMES F. CLEARY'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the defendant, Crosby Yacht Yard, Inc. and answers the Amended Complaint of Ace American Insurance Company, Federal Insurance Company, Insurance Company of North America, Maryland Casualty Company, Northern Insurance Company, Soldier of Fortune Corporation, Diane L. Comoletti and James F. Cleary (hereinafter "plaintiffs") as follows:

**PARTIES**

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies same.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies same.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore denies same.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore denies same.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies same.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies same.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore denies same.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore denies same.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore denies same.

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore denies same.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore denies same.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore denies same.

**JURISDICTIONAL ALLEGATIONS**

13. The allegations contained in Paragraph 13 are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

14. The allegations contained in Paragraph 14 are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

## INTRODUCTION

15. Defendant admits that a fire took place on December 10, 2003, in Osterville, Massachusetts and that there was damage to various vessels. Defendant denies the remaining allegations contained in Paragraph 15.

16. Defendant Crosby admits that certain vessels belonging to some of the named individuals were located at defendant's premises, but deny the remaining allegations as worded in Paragraph 16.

17. Defendant Crosby admits that certain vessels belonging to some of the named individuals were located at defendant's premises, but deny the remaining allegations as worded in Paragraph 17.

18. Defendant Crosby admits that certain personal property belonging to some of the named individuals were damaged in the fire, but denies the remaining allegations contained in Paragraph 18.

19. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore denies same.

20. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore denies same.

21. The defendant denies the allegations contained in Paragraph 21.

## SUBSTANTIVE ALLEGATIONS

22. Defendant Crosby admits that it conducted various boat building and repair activities at its premises, but denies the remaining allegations as worded in Paragraph 22.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore denies same..

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant admits that it stored various vessels belonging to some of the named individuals but denies the remaining allegations contained in Paragraph 25.

26. Defendant admits that it stored various vessels belonging to some of the named individuals but denies the remaining allegations contained in Paragraph 26.

27. The defendant admits that the boat owners signed storage agreements but denies the remaining allegations contained in Paragraph 27.

28. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore denies same.

29. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore denies same.

30. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and therefore denies same.

31. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and therefore denies same.

32. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore denies same.

33. Defendant admits the Wianno Senior, belonging to Mr. Johnson was at defendant's facility, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38, and therefore denies same.

34. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and therefore denies same.

35. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and therefore denies same.

36. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and therefore denies same.

37. Defendant admits the Old Town, belonging to Mr. Weber was at defendant's facility, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38, and therefore denies same.

38. Defendant admits the RESOLUTE, belonging to Mr. Kennedy was at defendant's facility, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38, and therefore denies same.

39. Defendant admits the Salshaker 330, belonging to Mr. Abraham was at defendant's facility, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39, and therefore denies same.

40. Defendant admits the YANKEE DIME, belonging to Mr. Saul was at defendant's facility, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40, and therefore denies same.

41. Defendant admits the MISS DAIRE II, belonging to Mr. Starr was at defendant's facility, but is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 41, and therefore denies same.

42. Defendant admits the Wianno Senior, belonging to Mr. Shay was at defendant's facility, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42, and therefore denies same.

43. Defendant admits the Caribe, belonging to Mr. Buckley was at defendant's facility, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43, and therefore denies same.

44. Defendant admits the Crosby Sailboat, belonging to Mr. Henry was at defendant's facility, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44, and therefore denies same.

45. Defendant admits the Crosby Cruiser, belonging to Mr. Evans was at defendant's facility, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45, and therefore denies same.

46. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, and therefore denies same.

47. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and therefore denies same.

48. Defendant admits the ROSE OF ALL ROSES, belonging to Ms. Shriver was at defendant's facility, but is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 48, and therefore denies same.

49. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and therefore denies same.

50. Defendant admits the KARIEL, belonging to Mr. Welsh was at defendant's facility, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50, and therefore denies same.

51. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and therefore denies same.

52. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and therefore denies same.

53. The defendant denies the allegations set forth in Paragraph 53.

54. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and therefore denies same.

55. The defendant admits that certain property belonging to certain of the named individuals was located at defendant Crosby's premises but denies the remaining allegations contained in Paragraph 55.

56. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and therefore denies same.

57. The defendant admits there was a fire that took place in and around buildings situated on the Crosby premises on or about December 10, 2003, but denies the remaining allegations in Paragraph 57.

58. Defendant admits that there was damage to various vessels located at Crosby's premises but denies the remaining allegations contained in Paragraph 58.

59. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and therefore denies same.

60. Defendant admits that there was damage to various vessels and property located at Crosby's premises but denies the remaining allegations contained in Paragraph 60.

61. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and therefore denies same.

62. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and therefore denies same.

63. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, and therefore denies same.

### COUNT I
### Bailment
### (Plaintiffs v. Crosby Yacht Yard)

64. Defendant repeats and incorporates by reference the answers contained in Paragraph 1 through 63, as if they were fully set forth herein.

65. Defendant Crosby admits that certain vessels were located at Crosby's premises but denies remaining allegations contained in Paragraph 65.

66. Defendant Crosby admits that certain vessels were destroyed in the fire but denies the remaining allegations contained in Paragraph 66.

67. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and therefore denies same.

68. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, and therefore denies same.

## COUNT II
**Bailment**
**(Plaintiffs v. Oyster Harbors)**

69. No answer required.

70. No answer required.

71. No answer required.

72. No answer required.

73. No answer required.

74. No answer required.

## COUNT III
**Negligence**
**(Plaintiffs v. Crosby Yacht Yard)**

75. Defendant repeats and incorporates by reference the answers contained in Paragraph 1 through 74, as if they were fully set forth herein.

76. Paragraph 76 is a statement of law to which no answer is required, but to the extent that an answer is required, defendant denies same.

77. Defendant denies the allegations set forth in Paragraph 77.

78. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78, and therefore denies same.

79. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79, and therefore denies same.

80. Defendant denies the allegations set forth in Paragraph 80.

81. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81, and therefore denies same.

82. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, and therefore denies same.

83. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83, and therefore denies same.

84. Defendant denies the allegations set forth in Paragraph 84.

**COUNT IV**
**Negligence**
**(Plaintiffs v. Oyster Harbors)**

85. No answer required.

86. No answer required.

87. No answer required.

88. No answer required.

89. No answer required.

90. No answer required.

91. No answer required.

92. No answer required.

93. No answer required.

94. No answer required.

95. No answer required.

96. No answer required.

97. No answer required.

98. No answer required.

## COUNT V
### Breach of Contract
**(Plaintiffs v. Crosby Yacht Yard)**

99. Defendant denies, repeats and re-alleges by reference the answers contained in Paragraphs 1 through 98, as if they were fully set forth herein.

100. Defendant Crosby admits that it agreed to store certain vessels for the season but denies the remaining allegations contained in Paragraph 100.

101. Defendant denies the allegations set forth in Paragraph 101.

102. Defendant denies the allegations set forth in Paragraph 102.

103. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103, and therefore denies same.

104. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104, and therefore denies same.

## COUNT VI
### Breach of Contract
**(Plaintiffs v. Oyster Harbors)**

105. No answer required.

106. No answer required.

107. No answer required.

108. No answer required.

109. No answer required.

110. No answer required.

111. No answer required.

## COUNT VII
### Breach of Warranty

**(Plaintiffs v. Crosby Yacht Yard)**

112. Defendant repeats and incorporates by reference the answers contained in Paragraphs 1 through 111, as if they were fully set forth herein.

113. The defendant denies the allegations set forth in Paragraph 113.

114. The defendant denies the allegations set forth in Paragraph 114.

115. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115, and therefore denies same.

116. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116, and therefore denies same.

**COUNT VIII**
**Breach of Warranty**
**(Plaintiffs v. Oyster Harbors)**

117. No answer required.

118. No answer required.

119. No answer required.

120. No answer required.

121. No answer required.

122. No answer required.

**COUNT IX**
**Negligence- Res Ipsa Loquitur**
**(Plaintiffs v. Crosby Yacht Yard)**

123. Defendant repeats and incorporates by reference the answers contained in Paragraphs 1 through 122, as if they were fully set forth herein.

124. Defendant admits that certain vessels and personal property were located at its premises on December 10, 2003, but denies the remaining allegations contained in Paragraph 124.

125. Defendant admits that it managed and controlled the premises but denies the remaining allegations contained in Paragraph 125.

126. Defendant admits that the cause of fire is of undetermined origin but denies the remaining allegations contained in Paragraph 126.

127. Defendant denies the allegations contained in Paragraph 127.

128. Defendant admits that certain vessels were damaged but denies the remaining allegations contained in Paragraph 128.

129. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129, and therefore denies same.

130. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130, and therefore denies same.

131. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131, and therefore denies same.

132. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132, and therefore denies same.

133. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133, and therefore denies same.

## COUNT X
### Negligence- Res Ipsa Loquitur
### (Plaintiffs v. Oyster Harbors)

134. No answer required.

135. No answer required.

136. No answer required.

137. No answer required.

138. No answer required.

139. No answer required.

140. No answer required.

141. No answer required.

142. No answer required.

## COUNT XI
### Violation of M.G.L. Chapter 93A
### (Plaintiffs v. Crosby Yacht Yard)

143. Defendant repeats and incorporates by reference the answers contained in Paragraphs 1 through 142, as if they were fully set forth herein.

144. Defendant denies the allegations set forth in Paragraph 144.

145. Defendant denies the allegations set forth in Paragraph 145.

146. Defendant denies the allegations set forth in Paragraph 146.

147. Defendant denies the allegations set forth in Paragraph 147.

148. Defendant denies the allegations set forth in Paragraph 148.

149. Defendant denies the allegations set forth in Paragraph 149.

150. Defendant denies the allegations set forth in Paragraph 150.

151. Defendant denies the allegations set forth in Paragraph 151.

152. Defendant denies the allegations set forth in Paragraph 152.

153. Defendant denies the allegations set forth in Paragraph 153.

154. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154, and therefore denies same.

155. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155, and therefore denies same.

156. The defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156, and therefore denies same.

## **AFFIRMATIVE DEFENSES**

Now comes the Defendant and incorporates the following Affirmative Defenses into each and every COUNT contained in its Answer to Plaintiffs' Complaint as follows:

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiffs' insureds' vessels were damaged as alleged, which is specifically denied, it was due in whole or in part to the Plaintiffs' insureds' own negligence, failures and breaches.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiffs' insureds' vessels were damaged as alleged herein, which is specifically denied, it was due to the action and/or omissions of individuals for whom the Defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiffs' insureds' vessels were damaged as alleged herein, which is specifically denied, said damage was sustained as a result of an Act of God, for

which the Defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiffs' insureds' vessels were damaged as alleged herein, which is specifically denied, said damage was sustained as a result of an intervening and/or superseding act that was not the fault or responsibility of the Defendant.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiffs' Complaint should be dismissed under the doctrines of estoppel and/or waiver.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the plaintiffs' allegations sounding in tort, fail to state a cause of action upon which relief can be granted.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the plaintiffs are entitled to damages, which is specifically denied, said damages are limited to contract damages.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiffs' Complaint is barred by the applicable statute of limitations.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the plaintiffs' Complaint is barred by laches.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiffs have failed to state a claim upon which relief can be granted because the defendant is contractually immune from liability pursuant to the agreement between the parties.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiffs are required to indemnify and hold the defendant harmless pursuant to the agreement between the parties.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that it owes no duty of care to the plaintiffs because it did not exercise sufficient care, custody or control over the subject vessels.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that storage of the plaintiffs' insureds' vessels was merely a lease of space and therefore the defendant does not owe a duty of care to the plaintiffs.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiffs sustained damages as alleged herein, which is specifically denied, it was due to the criminal and unlawful action and/or omissions of individuals for whom the defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiffs sustained damages as alleged herein, which is specifically denied, the plaintiffs have failed and refused to provide documentary proof of said damages.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiffs' insureds sustained damages, which is specifically denied, said damages are limited by law to the value of the vessel.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, defendant states the Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted because the plaintiffs' insureds agreed with the defendant before December 10, 2003, to shift the risk of loss to the plaintiff's insureds.

**WHEREFORE,** the defendant prays that the above Complaint be dismissed together with costs and reasonable attorneys' fees.

The defendant claims trial by jury on all issues raised in Plaintiffs' Complaint, Defendants' Answer and Affirmative Defenses.

By its attorney,

/s/ Seth S. Holbrook
Seth S. Holbrook, BBO# 237850
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com

**Certificate of Service**

I hereby certify that on July 25, 2005, I electronically filed Defendant Crosby Yacht Yard, Inc.'s Answer to Plaintiff's Amended Complaint and Demand for Jury Trial with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Thomas D. Frothingham and David J. Daly, Daly Cavanaugh LLP, 27 Mica Lane, Wellesley, MA  02481.

/s/ Seth S. Holbrook
Seth S. Holbrook, BBO# 237850
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com