**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STANDARD FIRE INSURANCE CO., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CROSBY YACHT YARD, INC. AND )<br>OYSTER HARBORS MARINE, INC., )<br>)<br>Defendants. ) | CIVIL ACTION NO. 04-12244 GAO |

**ANSWER OF DEFENDANT CROSBY YACHT YARD, INC. TO COMPLAINT OF
OYSTER HARBORS MARINE BUSINESS TRUST, AS SUCCESSOR IN INTEREST
TO, OYSTER HARBORS MARINE, INC., AND HANOVER INSURANCE COMPANY,
AS SUBROGEE OF, RICHARD P. MCCOY, and GLENS FALLS INSURANCE
COMPANY, AS SUBROGEE OF, ALFRED & HELEN CALLAHAN, III**

Now comes the defendant, Crosby Yacht Yard, Inc., (hereinafter, "Crosby"), in the above captioned matter, by and through its undersigned attorneys, Holbrook & Murphy, and respectfully files its Answer to the Plaintiffs' Complaint as follows:

PARTIES

1.      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies same.

2.      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies same.

3.      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore denies same.

4.      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore denies same.

5.	The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies same.

6.	The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies same.

7.	The defendant admits the allegations contained in Paragraph 7.

8.	The defendant admits it operated a boat repair and storage facility at 72 Crosby Circle, Osterville, MA but denies the remaining allegations contained in Paragraph 8.

## JURISDICTION AND VENUE

9.	The defendant states that Paragraph 9 is a statement of law to which no Answer is required.  To the extent an Answer is required, defendant denies the allegation contained in Paragraph 9.

10.	The defendant states that Paragraph 10 is a statement of law to which no Answer is required.  To the extent an Answer is required, defendant denies the allegation contained in Paragraph 10.

11.	The defendant states that Paragraph 11 is a statement of law to which no Answer is required.  To the extent an Answer is required, defendant denies the allegation contained in Paragraph 11.

## STATEMENT OF THE FACTS

12.	The defendant admits that it operated a yacht yard located at 72 Crosby Circle, Osterville, Masschusetts, adjacent to the marina owned and operated by plaintiff Oyster Harbors Marine, but denies the remaining allegations contained in Paragraph 12.

13. The defendant admits that it operated the aforementioned premises as a boat maintenance, repair and storage facility, but denies the remaining allegations contained in Paragraph 13.

14. The defendant admits the allegations contained in Paragraph 14.

15. The defendant admits the allegations contained in Paragraph 15.

16. The defendant states certain automatic fire suppression equipment was at its facility but denies the remaining allegations contained in Paragraph 16.

17. The defendant denies the allegations contained in Paragraph 17.

18. The defendant admits the fire took place on its property on or about December 10, 2003, but denies the remaining allegations contained in Paragraph 18.

19. The defendant admits that the fire involved premises owned by the plaintiff Oyster Harbors Marine but denies the remaining allegations contained in Paragraph 19.

20. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore denies same.

21. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies same.

22. The defendant admits the allegations contained in Paragraph 22.

23. The defendant admits the allegations contained in Paragraph 23.

24. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies same.

25. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore denies same.

26. The defendant admits the allegations contained in Paragraph 26.

27. The defendant admits there was damage to the Whaler, Stealth and the CAT 2 but is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore denies same.

28. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore denies same.

## COUNT I- NEGLIGENCE
### OYSTER HARBORS MARINE BUSINESS TRUST, AS SUCCESSOR IN INTEREST TO OYSTER HARBORS MARINE, INC. V. CROSBY YACHT YARD, INC.

29. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Twenty-Eight (28), inclusive, of its Answer and incorporates same by reference herein.

30. The allegations contained in Paragraph 30 are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

31. The defendant denies the allegations contained in Paragraph 31.

32. The defendant denies the allegations contained in Paragraph 32.

WHEREFORE, the defendant prays that COUNT I be dismissed together with costs and attorney's fees.

## COUNT II- NEGLIGENCE- RES IPSA LOQUITOR
### OYSTER HARBORS MARINE BUSINESS TRUST, AS SUCCESSOR IN INTEREST TO OYSTER HARBORS MARINE, INC. V. CROSBY YACHT YARD, INC.

33. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Thirty Two (32), inclusive, of its Answer and incorporates same by reference herein.

34. The defendant admits the allegations contained in Paragraph 34.

35. The defendant admits the allegations contained in Paragraph 35.

36. The defendant denies the allegations contained in Paragraph 36.

37. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore denies same.

WHEREFORE, the defendant prays that COUNT II be dismissed together with costs and attorney's fees.

COUNT III- VIOLATION OF M.G.L., C. 93A
OYSTER HARBORS MARINE BUSINESS TRUST, AS SUCCESSOR IN INTEREST TO OYSTER HARBORS MARINE, INC. V. CROSBY YACHT YARD, INC.

38. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Thirty Seven (37), inclusive, of its Answer and incorporates same by reference herein.

39. The defendant admits it conducted various boat building and repair activities, including paint spraying but denies the remaining allegations contained in Paragraph 39.

40. The defendant admits the allegations contained in Paragraph 40.

41. The defendant denies the allegations contained in Paragraph 41.

42. The defendant denies the allegations contained in Paragraph 42.

43. The defendant denies the allegations contained in Paragraph 43.

44. The defendant denies the allegations contained in Paragraph 44.

45. The allegations contained in Paragraph 45 are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

46. The defendant denies the allegations contained in Paragraph 46.

WHEREFORE, the defendant prays that COUNT III be dismissed together with costs and attorney's fees.

## COUNT IV- NEGLIGENCE
### HANOVER INSURANCE COMPANY, AS SUBROGEE OF, <u>RICHARD P. MCCOY V. CROSBY YACHT YARD, INC.</u>

47.     The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Forty Seven (47), inclusive, of its Answer and incorporates same by reference herein.

48.     The allegations contained in Paragraph 48 are statements of law requiring no Answer of the defendant.  To the extent an Answer is required, the defendant denies same.

49.     The allegations contained in Paragraph 49 are statements of law requiring no Answer of the defendant.  To the extent an Answer is required, the defendant denies same.

50.     The defendant denies the allegations contained in Paragraph 50.

51.     The defendant denies the allegations contained in Paragraph 51.

52.     The defendant denies the allegations contained in Paragraph 52.

53.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and therefore denies same.

WHEREFORE, the defendant prays that COUNT IV be dismissed together with costs and attorney's fees.

## COUNT V- NEGLIGENCE- RES IPSA LOQUITOR
### HANOVER INSURANCE COMPANY, AS SUBROGEE OF, <u>RICHARD P. MCCOY V. CROSBY YACHT YARD, INC</u>.

54.     The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Fifty Four (54), inclusive, of its Answer and incorporates same by reference herein.

55.     The defendant admits the allegations contained in Paragraph 55.

56. The defendant admits the McCoy vessel was at its facility but denies the remaining allegations contained in Paragraph 56.

57. The defendant admits the allegations contained in Paragraph 57.

58. The defendant denies the allegations contained in Paragraph 58.

59. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and therefore denies same.

60. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and therefore denies same.

61. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and therefore denies same.

WHEREFORE, the defendant prays that COUNT V be dismissed together with costs and attorney's fees.

### COUNT VI- VIOLATION OF M.G.L., C.93A
### HANOVER INSURANCE COMPANY, AS SUBROGEE OF,
### RICHARD P. MCCOY V. CROSBY YACHT YARD, INC.

62. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Sixty One (61), inclusive, of its Answer and incorporates same by reference herein.

63. The defendant admits the allegations contained in Paragraph 63.

64. The defendant admits the allegations contained in Paragraph 64.

65. The defendant denies the allegations contained in Paragraph 65.

66. The defendant denies the allegations contained in Paragraph 66.

67. The defendant denies the allegations contained in Paragraph 67.

68. The defendant denies the allegations contained in Paragraph 68.

69. The allegations contained in Paragraph 69 are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

70. The defendant denies the allegations contained in Paragraph 70.

WHEREFORE, the defendant prays that COUNT V be dismissed together with costs and attorney's fees.

## COUNT VII- BAILMENT
## HANOVER INSURANCE COMPANY, AS SUBROGEE OF,
## RICHARD P. MCCOY V. CROSBY YACHT YARD, INC.

71. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Seventy (70), inclusive, of its Answer and incorporates same by reference herein.

72. The defendant admits the McCoy vessel was at its facility but denies the remaining allegations contained in Paragraph 72.

73. The defendant admits the McCoy vessel was at its facility but denies the remaining allegations contained in Paragraph 73.

74. The defendant denies the allegations contained in Paragraph 74.

75. The defendant denies the allegations contained in Paragraph 75.

76. The defendant denies the allegations contained in Paragraph 76.

77. The defendant admits that Richard McCoy's boat was damaged in the fire that took place on or about December 10, 2003, but denies the remaining allegations contained in Paragraph 77.

78. The defendant denies the allegations contained in Paragraph 78.

79. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79, and therefore denies same.

80. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80, and therefore denies same.

81. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81, and therefore denies same.

82. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, and therefore denies same.

WHEREFORE, the defendant prays that COUNT VII be dismissed together with costs and attorney's fees.

## COUNT VIII-BREACH OF CONTRACT
## HANOVER INSURANCE COMPANY, AS SUBROGEE OF,
## RICHARD P. MCCOY V. CROSBY YACHT YARD, INC.

83. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Eighty Two (82), inclusive, of its Answer and incorporates same by reference herein.

84. The defendant admits the allegations contained in Paragraph 84.

85. The defendant denies the allegations contained in Paragraph 85.

86. The defendant denies the allegations contained in Paragraph 86.

87. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87, and therefore denies same.

88. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88, and therefore denies same.

WHEREFORE, the defendant prays that COUNT VIII be dismissed together with costs and attorney's fees.

COUNT IX- BREACH OF WARRANTY
HANOVER INSURANCE COMPANY, AS SUBROGEE OF,
RICHARD P. MCCOY V. CROSBY YACHT YARD, INC.

89.  The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Eighty Eight (88), inclusive, of its Answer and incorporates same by reference herein.

90.  The defendant denies the allegations contained in Paragraph 90.

91.  The defendant denies the allegations contained in Paragraph 91.

92.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92, and therefore denies same.

93.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93, and therefore denies same.

WHEREFORE, the defendant prays that COUNT IX be dismissed together with costs and attorney's fees.

COUNT X- NEGLIGENCE
GLENS FALLS INSURANCE COMPANY, AS SUBROGEE OF,
ALFRED AND HELEN CALLAHAN, III V. CROSBY YACHT YARD, INC.

94.  The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph Ninety Three (93), inclusive, of its Answer and incorporates same by reference herein.

95.  The allegations contained in Paragraph 95 are statements of law requiring no Answer of the defendant.  To the extent an Answer is required, the defendant denies same.

96.  The allegations contained in Paragraph 96 are statements of law requiring no Answer of the defendant.  To the extent an Answer is required, the defendant denies same.

97.  The defendant denies the allegations contained in Paragraph 97.

98. The defendant denies the allegations contained in Paragraph 98.

99. The defendant denies the allegations contained in Paragraph 99.

100. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100, and therefore denies same.

WHEREFORE, the defendant prays that COUNT X be dismissed together with costs and attorney's fees.

COUNT XI- NELIGENCE- RES IPSA LOQUITOR<br>
GLENS FALLS INSURANCE COMPANY, AS SUBROGEE OF,<br>
ALFRED AND HELEN CALLAHAN, III V. CROSBY YACHT YARD, INC.

101. The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph One Hundred (100), inclusive, of its Answer and incorporates same by reference herein.

102. The defendant admits the allegations contained Paragraph 102.

103. The defendant admits that the vessels belonging to Alfred and Helen Callahan, were located at the defendant Crosby Yacht Yard's premises at the time of the fire, but denies the remaining allegations contained in Paragraph 103.

104. The defendant admits the allegations contained in Paragraph 104.

105. The defendant denies the allegations contained in Paragraph 105.

106. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106, and therefore denies same.

107. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107, and therefore denies same.

108. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108, and therefore denies same.

WHEREFORE, the defendant prays that COUNT XI be dismissed together with costs and attorney's fees.

### COUNT XII- VIOLATION OF M.G.L. C.93A
### GLENS FALLS INSURANCE COMPANY, AS SUBROGEE OF,
### ALFRED AND HELEN CALLAHAN, III V. CROSBY YACHT YARD, INC.

109.   The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph One Hundred Eight (108), inclusive, of its Answer and incorporates same by reference herein.

110.   The defendant admits the allegations contained in Paragraph 110.

111.   The defendant admits the allegations contained in Paragraph 111.

112.   The defendant denies the allegations contained in Paragraph 112.

113.   The defendant denies the allegations contained in Paragraph 113.

114.   The defendant denies the allegations contained in Paragraph 114.

115.   The defendant denies the allegations contained in Paragraph 115.

116.   The allegations contained in Paragraph 116 are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

117.   The defendant denies the allegations in Paragraph 117.

WHEREFORE, the defendant prays that COUNT XIII be dismissed together with costs and attorney's fees.

### COUNT XIII- BAILMENT
### GLENS FALLS INSURANCE COMPANY, AS SUBROGEE OF,
### ALFRED AND HELEN CALLAHAN, III V. CROSBY YACHT YARD, INC.

118.   The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph One Hundred Seventeen (117), inclusive, of its Answer and incorporates same by reference herein.

119.   The defendant admits that the Callahan vessels were located at the defendant's premises prior to the fire that took place on or about December 10, 2003, but denies the remaining allegations contained in Paragraph 119.

120.   The defendant admits that the Callahan vessels were located at the defendant's premises prior to the fire that took place on or about December 10, 2003, but denies the remaining allegations contained in Paragraph 120.

121.   The defendant denies the allegations contained in Paragraph 121.

122.   The defendant denies the allegations contained in Paragraph 122.

123.   The allegations contained in Paragraph 123 are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

124.   The defendant admits the Callahan vessels were at its facility on December 10, 2003 and that there was a fire on that date but denies the remaining allegations contained in Paragraph 124.

125.   The defendant denies the allegations contained in Paragraph 125.

126.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126, and therefore denies same.

127.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127, and therefore denies same.

128.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128, and therefore denies same.

129.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129, and therefore denies same.

130.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130, and therefore denies same.

WHEREFORE, the defendant prays that COUNT XIII be dismissed together with costs and attorney's fees.

### COUNT XIV- BREACH OF CONTRACT
### GLENS FALLS INSURANCE COMPANY, AS SUBROGEE OF, ALFRED AND HELEN CALLAHAN, III V. CROSBY YACHT YARD, INC.

131.    The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph One Hundred Thirty (130), inclusive, of its Answer and incorporates same by reference herein.

132.    The defendant admits the allegations contained in Paragraph 132.

133.    The defendant denies the allegations contained in Paragraph 133.

134.    The defendant denies the allegations contained in Paragraph 134.

135.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135, and therefore denies same.

136.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136, and therefore denies same.

WHEREFORE, the defendant prays that COUNT XIV be dismissed together with costs and attorney's fees.

### COUNT XV- BREACH OF WARRANTY
### GLENS FALLS INSURANCE COMPANY, AS SUBROGEE OF, ALFRED AND HELEN CALLAHAN, III V. CROSBY YACHT YARD, INC.

137.    The defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Paragraph One Hundred Thirty Six (136), inclusive, of its Answer and incorporates same by reference herein.

138.    The defendant denies the allegations contained in Paragraph 138.

139.    The defendant denies the allegations contained in Paragraph 139.

140. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140, and therefore denies same.

141. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141, and therefore denies same.

WHEREFORE, the defendant prays that COUNT XV be dismissed together with costs and attorney's fees.

## AFFIRMATIVE DEFENSES

Now comes the Defendant and incorporates the following Affirmative Defenses into each and every COUNT contained in its Answer to Plaintiff's Complaint as follows:

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff's insureds' vessels were damaged as alleged, which is specifically denied, it was due in whole or in part to the Plaintiff's insureds' own negligence, failures and breaches.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff's insureds' vessels were damaged as alleged herein, which is specifically denied, it was due to the action and/or omissions of individuals for whom the Defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff's insureds' vessels were damaged as alleged herein, which is specifically denied, said damage was sustained as a result of an Act of God, for which the Defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE

DEFENSE, the Defendant states that if the Plaintiff's insureds' vessels were damaged as alleged herein, which is specifically denied, said damage was sustained as a result of an intervening and/or superseding act that was not the fault or responsibility of the Defendant.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff's Complaint should be dismissed under the doctrines of estoppel and/or waiver.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the plaintiff's allegations sounding in tort, fail to state a cause of action upon which relief can be granted.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the plaintiff is entitled to damages, which is specifically denied, said damages are limited to contract damages.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff's Complaint is barred by the applicable statute of limitations.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the plaintiff's complaint is barred by laches.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff has failed to state a claim upon which relief can

be granted because the defendant is contractually immune from liability pursuant to the agreement between the parties.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff is required to indemnify and hold the defendant harmless pursuant to the agreement between the parties.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that it owes no duty of care to the plaintiff because it did not exercise sufficient care, custody or control over the subject vessels.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that storage of the plaintiff's insureds' vessels was merely a lease of space and therefore the defendant does not owe a duty of care to the plaintiff.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff sustained damages as alleged herein, which is specifically denied, it was due to the criminal and unlawful action and/or omissions of individuals for whom the defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff sustained damages as alleged herein, which is specifically denied, the plaintiff has failed and refused to provide documentary proof of said damages.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff's insureds sustained damages, which is specifically denied, said damages are limited by law to the value of the vessel.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE

DEFENSE, defendant states the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted because the plaintiff's insureds agreed with the defendant before December 10, 2003, to shift the risk of loss to the plaintiff's insureds.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, defendant states that if the plaintiff was injured as alleged, which is denied, it was due to tis own negligence, actions or inactions.

**WHEREFORE,** the defendant prays that the above Complaint be dismissed together with costs and reasonable attorneys' fees.

The defendant claims trial by jury on all issues raised in Plaintiff s Complaint, Defendants' Answer and Affirmative Defenses.

The Defendant,
By its attorney,

/s/ Seth S. Holbrook
Seth S. Holbrook, BBO# 237850
HOLBROOK & MURPHY
15 Broad Street, Suite 900
Boston, MA 02109
(617) 428-1151
holbrook_murphy@msn.com

**Certificate of Service**

I hereby certify that on July 26, 2006, I electronically filed the Answer of Crosby Yacht Yard, Inc. with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Seth S. Holbrook
Seth S. Holbrook, BBO# 237850
HOLBROOK & MURPHY
15 Broad Street, Suite 900
Boston, MA 02109
(617) 428-1151
holbrook_murphy@msn.com