**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STANDARD FIRE INSURANCE COMPANY, )<br>                              Plaintiff      )<br>                                               )<br>v.                                            )<br>                                               )<br>CROSBY YACHT YARD, INC. AND   )<br>OYSTER HARBORS MARINE, INC.,   )<br>                              Defendants  ) | CIVIL ACTION NO. 04-12244GAO<br>CONSOLIDATED |

**MOTION OF THE PLAINTIFF, STANDARD FIRE INSURANCE COMPANY TO AMEND COMPLAINT TO ADD ADDITIONAL PLAINTIFF**

NOW COMES the Plaintiff in the above captioned matter and hereby files the instant Motion to Amend Complaint to Add Additional Plaintiff.  In support thereof, the Plaintiff submits the following:

BRIEF FACTUAL SUMMARY

1. The instant Matter arises out of property damage alleged as a result of the breach of contract, negligence, breach of warranty and Chapter 93A violations of the Defendants, Crosby Yacht Yard, Inc. and Oyster Harbors Marine, Inc. (collectively hereinafter "The Defendants").
2. The alleged property damage resulted from a fire at the premises of The Defendants on or about December 10, 2003 ("The Fire").
3. Suit was commenced in this Court on or about October 25, 2004.
4. The Plaintiff, Standard Fire Insurance Company, is subrogated to their insureds' rights for payments made to them for damages to their vessels resulting from The Fire.  One of Standard Fire Insurance Company's insureds is Paul Kaneb who's vessel sustained insured losses as a result of The Fire.
5. The Plaintiff just recently learned that Paul Kaneb additionally sustained uninsured/underinsured losses to which he now seeks to recover for such losses against the Defendant, Crosby Yacht Yard.
6. The basis and defenses to Paul Kaneb's claims are identical to those which are the subject of the original Complaint and of which the Defendant is fully aware.
7. The Plaintiff now seeks to amend the original Complaint to add the Plaintiff, Paul Kaneb's, claims for uninsured/underinsured losses.  A copy of the Plaintiffs' First Amended Complaint is attached hereto as **Exhibit "1"** which includes Counts IX through X contained therein.  (please see **Exhibit "1"** attached hereto)
8. The amount of Paul Kaneb's uninsured/underinsured loss totals approximately $102,550.  The gross totals of the consolidated claims against the Defendants

        currently total in excess of $3 Million.

9. Pursuant to Local Rule 7.1 counsel for the Plaintiff certifies that he has contacted counsel for the Parties hereto and informed them of the instant Motion. As of the date of this Motion, some of the other Parties hereto have stated that they could not state whether they plan on opposing this Motion. (please see Local Rule 7.1 Certification, Attorney Robert E. Kiely at the bottom of this Motion)

## LEGAL STANDARDS

A. A party may amend the party's pleading by leave of courts or by written consent of the adverse party and leave shall be freely given when justice so requires. Fed.R.Civ.P. Rule 15(a).

B. Rule providing that leave to amend shall be freely given when justice so requires may be used to substitute new plaintiffs. Fed.R.Civ.P. Rule 15(a); Staggers v. Otto Gerdau Company, Inc., 359 F.2d 292, 296-297 (C.A. N.Y. 1966).

C. An amendment of a pleading relates back to the date of the original pleading when the claim asserted in the amended pleading arose out the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Fed.R.Civ.P. Rule 15(c)(2).

D. In determining whether a limitations defense should apply with respect to a relation back analysis is a two-fold inquiry: (1) did the defendant have fair notice of the substance of the amendments and (2) will the defendants suffer prejudice by allowing the amendments. As long as the defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. Employees Committed for Justice v. Eastman Kodak Company, 407 F.Supp.2d 423, 439 (W.D. N.Y. 2005); Charles A. Wright, et al., federal Practice and Procedure § 1501 (1990).

## ARGUMENT

This Honorable Court should ALLOW Plaintiff's Motion to Amend Complaint to Add Additional Plaintiff as justice so requires and no prejudice will result to the Defendant, Crosby Yacht Yard by the allowance thereof. A party may amend the party's pleading by leave of courts or by written consent of the adverse party and leave shall be freely given when justice so requires. Fed.R.Civ.P. Rule 15(a). Rule providing that leave to amend shall be freely given when justice so requires may be used to substitute new plaintiffs. Fed.R.Civ.P. Rule 15(a); Staggers v. Otto Gerdau Company, Inc., 359 F.2d 292, 296-297 (C.A. N.Y. 1966). An

amendment of a pleading relates back to the date of the original pleading when the claim asserted in the amended pleading arose out the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Fed.R.Civ.P. Rule 15(c)(2). In determining whether a limitations defense should apply with respect to a relation back analysis is a two-fold inquiry: (1) did the defendant have fair notice of the substance of the amendments and (2) will the defendants suffer prejudice by allowing the amendments. As long as the defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. Employees Committed for Justice v. Eastman Kodak Company, 407 F.Supp.2d 423, 439 (W.D. N.Y. 2005); Charles A. Wright, et al., federal Practice and Procedure § 1501 (1990).

In the instant matter, a number of claims were filed against the Defendants following the fire of December 10, 2003. The fire caused in excess of $3 Million in damages to boats and other personal property located on the premises of the two Defendants/boat yards, Crosby Yacht Yard and Oyster Harbor Marine. Mr. Paul Kaneb owned a boat which was stored at Oyster Harbors Marine that was damaged as a result of the fire. His insurer paid him for amounts due under the policy of insurance but Mr. Kaneb sustained $102,550 in damages not covered under his policy of insurance. All of Mr. Kaneb's claims arise out of the same conduct, transaction or occurrence as was set forth in the insurer/Plaintiff, Standard Fire Insurance's original Complaint. Plaintiff, Paul Kaneb's claims against the Defendant, pursuant to Fed.R.Civ.P. Rule 15(c)(2) should properly relate back to the original filing date of October 25, 2004. Fed.R.Civ.P. Rule 15(c)(2); Employees Committed for Justice v. Eastman Kodak Company, 407 F.Supp.2d 423, 439 (W.D. N.Y. 2005).

Under the two-fold inquiry set forth in <u>Eastern Kodak Company</u> the instant matter answers the first in the positive and the second in the negative. <u>Eastman Kodak Company</u>, 407 F.Supp.2d at 439. With regard to the first question, the facts of this case show that Defendant, Crosby Yacht Yard, was fully aware that Mr. Kaneb owned a vessel which was stored and damaged as a result of The Fire. His identity as an insured of the Plaintiff is clearly set forth in the original Complaint on pages 2, 3, 6 and 7. The Defendant has been aware of his losses for years. Under the second inquiry, there would be no prejudice to the Defendant upon the allowance of this Motion. The Defendant, Crosby Yacht Yard is named in the original Complaint for the payments made by the Plaintiff, Standard Fire Insurance, to Mr. Kaneb for damages to his vessel to the extent of, and subject to, his policy of insurance. The allowance of this Motion to include Mr. Kaneb's uninsured/underinsured losses will in no way effect the defense of this Action. Furthermore, the total amount of claims exceed $3 Million and Mr. Kaneb's additional claim for $102,550 adds a relatively small fractional amount to the overall claims.

In light of the foregoing, justice and fairness require the ALLOWANCE of this Motion.

CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Amend Complaint to Add Additional Plaintiff should be ALLOWED.  The Plaintiff further REQUESTS that the Court's Allowance of this Motion with the attached First Amended Complaint to be deemed service of said First Amended Complaint on all Parties hereto.

>For the plaintiff,
>Standard Fire Insurance Company,
>By its attorney,
>
>**REGAN & KIELY LLP**
>
>_____/s/ John D. Blaisdell_____
>Robert E. Kiely, Esquire (BBO #556640)
>John D. Blaisdell, Esquire (BBO #652423)
>88 Black Falcon Avenue, Suite 330
>Boston, MA 02210
>(617)723-0901

DATED:     January 16, 2007

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

I, Robert E. Kiely, counsel of records for the Plaintiffs, Standard Fire Insurance Company and Paul Kaneb, states under the penalties of perjury that I have contacted counsel for all of the Parties hereto, in a good faith effort to resolve the issue presented in this Motion.  Attorney for the opposing parted stated that he could not assent-to the motion and could not state whether he planned on opposing this Motion.

**Signed under the pains and penalties of perjury this 16th day of January, 2007.**

>     /s/ Robert E. Kiely
>Robert E. Kiely

## **Certificate of Service**

      I, John D. Blaisdell, attorney for the Plaintiffs, Standard Fire Insurance and Paul Kaneb hereby certify that on January 16, 2007 I served Plaintiff's Motion to Amend Complaint to Add Additional Plaintiff by electronic file notification upon all counsel of record:

                                            /s/ John D. Blaisdell
                                            John D. Blaisdell

clb/s1038.mot to amend