UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STANDARD FIRE INSURANCE COMPANY, ) | |
|                           Plaintiff  ) | |
| ) | |
| v.                                     ) | CIVIL ACTION NO. 04-12244GAO |
| ) | CONSOLIDATED |
| CROSBY YACHT YARD, INC. AND  ) | |
| OYSTER HARBORS MARINE, INC.,  ) | |
|                         Defendants  ) | |

PLAINTIFF, STANDARD FIRE INSURANCE COMPANY, REPLY MEMORANDUM TO DEFENDANT, CROSBY YACHT YARD'S, OPPOSITION TO MOTION TO AMEND

NOW COMES the Plaintiff in the above captioned matter and pursuant to U.S. District Court, Local Rule 7.1(B)(3) hereby files the instant Reply Memorandum to Defendant, Crosby Yacht Yard's Opposition to Motion to Amend. In support thereof, the Plaintiff submits the following:

REPLY

The Defendant cites only one case (with reference to another) in its Opposition. The Defendant's reliance on F&D Tool Company, Inc. v. Sloan Valve Company, Inc., is misplaced. F&W Tool Company, Inc. v. Sloan Valve Company, Inc., 2002 WL 31371963, 2002 U.S. Dist. (D.Mass. 2002). The holding in F&W Tool does not address the issue at bar. Id. Furthermore, National Consolidated Warehouses, Inc. does not address the issue and relevant standard for a court's allowance of a motion to amend to add a party plaintiff such as what is before this Court. Liberty Mutual Insurance Company v. National Consolidated Warehouses, Inc., 34 Mass.App.Ct. 293 (1993). Both of cases cited by the Defendant in its Opposition stand for basic subrogation principles. Plaintiff does not deny that it is subrogated to the rights of one of its insured, Paul Kaneb. As Mr. Kaneb's insurer, Plaintiff, Standard Fire Insurance Company is subrogated to his rights to the extent of Standard Fire's payments to him. Mr. Kaneb, however,

sustained uninsured losses as a result of the Defendants' negligence and/or gross negligence and he is entitled to bring suit, as the real party in interest, for his uninsured losses.

Defendant's Opposition cites to no authority nor does it set forth any argument that it will be prejudiced in any way as a result of the allowance of the Plaintiff's Motion to Amend. Under the Eastman Kodak Company analysis, Plaintiff's Motion to Amend to Add Party Plaintiff should be allowed (citations omitted, the Court is referred to the original Motion to Amend). The Defendant does not refute that it, 1) had fair notice of the substance of the amendments and Defendant does not provide any argument as to 2) how they will suffer prejudice by the allowance of the motion. Although technically, a new party is being added, the claims against the Defendant are just being supplemented to include Mr. Kaneb's uninsured losses. His identity and the identity of his property damaged by the fire, has been known to the Defendant for over two years. Accordingly, the newly-added plaintiff, Paul Kaneb, is entitled to relation-back for the purposes of his claims against the Defendant. Therefore, the Motion to Amend to Add Party Plaintiff should be Allowed.

## CONCLUSION

For the foregoing reasons, the Court should give no weight to the authority cited by the Defendant in its Opposition and ALLOW the Plaintiff's Motion to Amend Complaint to Add Party Plaintiff.

> For the plaintiff,
> Standard Fire Insurance Company,
> By its attorney,
>
> **REGAN & KIELY LLP**
>
> _____/s/ John D. Blaisdell_____
> Robert E. Kiely, Esquire (BBO #556640)
> John D. Blaisdell, Esquire (BBO #652423)
> 88 Black Falcon Avenue, Suite 330
> Boston, MA 02210
> (617)723-0901
> jdb@regankiely.com

DATED:      February 5, 2007

### Certificate of Service

I, John D. Blaisdell, attorney for the Plaintiffs, Standard Fire Insurance and Paul Kaneb hereby certify that on February 5, 2007 I served Plaintiff's Motion for Leave to File Reply Memorandum by electronic file notification upon all counsel of record:

>        /s/ John D. Blaisdell
> John D. Blaisdell

clb/s1038.reply memo