UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12244-GAO

STANDARD FIRE INSURANCE CO.,
Plaintiff

v.

CROSBY YACHT YARD, INC. and OYSTER HARBORS MARINE, INC.,
Defendants

ORDER
February 8, 2007

O'TOOLE, D.J.

This case stems from a fire that occurred on December 10, 2003, at the boatyard and repair facilities operated by the defendants. The plaintiff, Standard Fire Insurance Company ("Standard"), brought this suit to recover monies it had paid to individual boat owners who were insured under various insurance policies issued by the plaintiff. On January 16, 2007, the plaintiff moved to amend the complaint by adding one of its insureds, Paul Kaneb, as an additional plaintiff. Kaneb is identified in the original complaint as one of Standard's insureds. In the proposed amended complaint, Kaneb would seek damages for uninsured or underinsured losses incurred as a result of the same fire. The defendants oppose such an amendment, arguing that Kaneb's claims are time-barred and cannot be held to relate back to the date of the filing of the original complaint under Federal Rule of Civil Procedure 15(c).

Generally, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). There is, however, no requirement that amendments should be granted if futile. Demars v. Gen. Dynamics Corp., 779 F.2d 95, 99 (1st Cir. 1985) ("While motions to amend are liberally

granted, a court has the discretion to deny them if it believes that, as a matter of law, amendment would be futile.") (citation omitted). One example of futility would be if a claim to be added by amendment would be time barred. See Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126-27 (1st Cir. 2006). In this case, the applicable statute of limitations requires claims to be brought not later than three years from the date of the precipitating incident, which would be December 10, 2006, in this case. The motion to amend was filed about a month after that date, so Kaneb's claims are barred unless they relate back under Rule 15(c).

Rule 15(c) provides that an amendment to a pleading relates back to the original pleading when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3). Although the literal text of the rule addresses only the addition of new defendants, the First Circuit has recognized that the Rule is at least theoretically applicable to amendments that "change the identity of plaintiffs." Young v. Lepone, 305 F.3d 1, 14 (1st Cir. 2002) (citing Allied Int'l, Inc. v. Int'l Longshoremen's Ass'n, 814 F.2d 32, 35 (1st Cir. 1987)); see also Fed. R. Civ. P. advisory committee note (1966) (emphasizing that Rule 15(c)(3) "extends by analogy to

amendments changing plaintiffs"). Nonetheless, the First Circuit has cautioned that Rule 15(c) "is not an open invitation to every plaintiff whose claim otherwise would be time-barred to salvage it by joining an earlier-filed action." Young, 305 F.3d at 14.

The First Circuit has outlined three requirements for relation back under Rule 15(c). First, the new claims must arise out of the conduct, transaction, or occurrence set forth in the original pleading. Second, there must be a sufficient identity of interest between the new plaintiff, the old plaintiff, and their respective claims so that the defendants can be said to have been given fair notice of the claim sought to be added late. And third, there must not be undue prejudice to the opposing party. Id. (citing Allied Int'l, 814 F.2d at 35-36).

Kaneb satisfies these three conditions. The new claims arise out of the same fire, and relate to property – Kaneb's boat – that is already the basis of some of Standard's claims. Standard is Kaneb's subrogee, and by its original suit seeks, among other things, to recover what it paid to Kaneb for an insured loss allegedly caused by the defendants. Already at issue in the case is whether the defendants are responsible for injury to Kaneb's property and, if so, what response in damages they must make. The case already includes the part of Kaneb's loss that Standard is subrogated to, and the proposed amendment would simply add the part of Kaneb's loss that he must himself present. For purposes of Rule 15(c), the interests of insurer and insured in these circumstances are sufficiently similar that the defendants have had, since the beginning of the case, fair notice of the substance of the claim, which is, simply stated, what ought the defendants be ordered to pay, if anything, for damage to Kaneb's boat? For the same reasons, allowing the amendment will not cause the defendants any undue prejudice.

With the benefit of Rule 15(c)(3) and the relation back doctrine, Kaneb's claims are not time-barred by the statute of limitations. Accordingly, the proposed amendment is not futile and I therefore GRANT the motion to amend the complaint (dkt. no. 30.)

It is SO ORDERED.

   February 8, 2007                                   /s/ George A. O'Toole, Jr.
DATE                                              DISTRICT JUDGE