UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************************
STANDARD FIRE INSURANCE COMPANY,
     Plaintiff

VS.                                                                    DOCKET NO. 04-12244 GAO

CROSBY YACHT YARD, INC. and
OYSTER HARBORS MARINE, INC.,
     Defendants
*********************************************
ACE AMERICAN INSURANCE COMPANY,
FEDERAL INSURANCE COMPANY,
INSURANCE COMPANY OF NORTH AMERICA,
MARYLAND CASUALTY COMPANY,
NORTHERN INSURANCE COMPANY, SOLDIER
OF FORTUNE CORPORATION, DIANE L.
COMOLETTI, and JAMES F. CLEARY,
     Plaintiffs

VS.                                                                    DOCKET NO. 04-12252-GAO

CROSCY YACHT YARD, INC. and
OYSTER HARBORS MARINE, INC.,
     Defendants
*********************************************
OYSTER HARBORS MARINE BUSINESS TRUST,
as successor in interest to, OYSTER HARBORS
MARINE, INC.
     and
HANOVER INSURANCE COMPANY,
as subrogee of RICHARD P. MCCOY
     and
GLENS FALLS INSURANCE COMPANY,
as subrogee of ALFRED & HELEN CALLAHAN III,
     Plaintiffs

VS.                                                                    DOCKET NO. 05-10203- GAO

CROSBY YACHT YARD, INC.,
     Defendant
*********************************************
ONE BEACON AMERICA INSURANCE COMPANY,
     Plaintiff

VS.                                                                    DOCKET NO. 05-10363-GAO

CROSBY YACHT YARD, INC.,
     Defendant
*********************************************

# OYSTER HARBORS MARINE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FED.R.CIV.P. RULE 56(b))

I.    **CONCISE STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

On December 10, 2003, a fire occurred at the Crosby Yacht Yard located at 72 Crosby Circle, Osterville, Massachusetts.  (*See* Ace Insurance Company case complaint at paragraph 11 and Standard Fire Insurance Co. case complaint at paragraph 7).  The fire spread from Crosby Yacht Yard to the adjacent marina owned by Oyster Harbors Marine, Inc. at 122 Bridge Street, Osterville, Massachusetts. (*See* Ace Insurance Company case complaint at paragraph 11 and Standard Fire Insurance Co. case complaint at paragraph 7).  Located on the premises of Oyster Harbors Marine, Inc. were boats and personal property for which the various plaintiffs in this case make a claim for damages. (*See* Ace Insurance Company case complaint and Standard Fire Insurance Co. case complaint).  Each of the owners of the boats and/or personnel property damaged in the fire of December 10, 2003, had placed that their property on the Oyster Harbors Marine, Inc.'s premises in conformance with a 2003-2004 Storage Agreement.  (*See* Ace Insurance Company case complaint at paragraph 26, Standard Fire Insurance Co. case at paragraph 11 and see also request for admissions).

Each of the 2003-2004 Storage Agreements contained paragraph 5 which provides:

> "That the yard does not carry any insurance on the stored property and will not be held responsible or liable for any damage or loss to, or of, the property listed herein or any other property or gear stored therein, and the Owner will obtain his own insurance and will hold the Yard, its Agents and Employees, harmless and free from all loss or claims arising out of the presence of the Owner's said property upon the Yard's premises." (*See attached Exhibit 1*)

II.    **INTRODUCTION**

The claims brought against Oyster Harbors Marine, Inc. are either subrogated insurers who have paid for damages to boats that where damaged or destroyed by fire while on the premises on Oyster Harbors Marine, Inc. on December 10, 2003, or uninsured losses for boats

and other property that was on the premises of Oyster Harbors Marine, Inc. on December 10,

2003.   All of the boats and property on the premises of Oyster Harbors Marine, Inc. on

December 10, 2003 were present pursuant to the terms and conditions of a 2003-2004 Storage

Agreements.  The fire that caused the damage to the property in this case started at the adjacent

marina, Crosby Yacht Yard, and spread to Oyster Harbors Marine, Inc.

Each of the 2003-2004 Storage Agreements contained an exculpatory clause specifying

that the boats and property were being stored at the party's specifically agreed that Oyster

Harbors Marine, Inc. would not carry insurance for the property, but that the insurance would be

carried on the property by the owners and further that the owners and/or those taking through the

owners, would hold Oyster Harbors Marine, Inc. harmless and free from all loss or claims arising

out of the property.  Oyster Harbors Marine, Inc. asserts that the exculpatory clause is valid, and

precludes the claims brought by the subrogated insurers and/or the property owners.

III.    **ARGUMENT**

Fed.R.Civ.P. Rule 56(b) provides:

> "A party against whom a claim, counterclaim or crossclaim is asserted . . . may,
> at any time, move with or without supporting affidavits for a summary judgment
> in the party's favor as to all or any part thereof."

Further, Fed.R.Civ.P. Rule 56(c) provides, in part,

> "The judgments sought shall be rendered forthwith if the pleadings, depositions,
> answers to interrogatories and admissions on file, together with the affidavits, if
> any, show that there is no genuine issue as to any material fact and that the
> moving party is entitled to judgment as a matter of law."

Questions of law often are particularly appropriate for summary judgment, particularly if

the material facts are not subject to substantial dispute.  *See*, **Access Telcom, Inc. v. MCI**

**Telcomms, Corp.**, 197 F3d 649, 713 (5th Cir. 1999 *Cert. Denied*, 531 U.S. 917 2000).

Construction of unambiguous contracts is an issue of law appropriate for resolution by summary

judgment.  **Kemp v. G.D Searle & Company**, 103 F3d 405, 407 (5th Cir. 1997).  Summary Judgment is particularly appropriate in cases involving contract interpretation.  **Murphy v. Keystone Steel and Wire Co.**, 61 F3d 560, 564-565 (7th Cir. 1995).  In this case, Oyster Harbors Marine, Inc.'s Motion for Summary Judgment is based on the language of the 2003-2004 Store Agreement wherein each of the persons whose property was damaged specifically waived any claim against the marina.

This is a case of admiralty jurisdiction.  With admiralty jurisdiction comes the application of substantive admiralty law.  **East River Steamship Corp., et al. v. Trans-America Delaval, Inc.**, 476 U.S. 858 (1986).  "Absent a relevant statute, the general maritime law, as developed by the judiciary, applies."  *Id*.  The First Circuit has recently held at that exculpatory clauses are enforceable if limited to the barring of liability for ordinary negligence and not inflicted by monopolistic or one with greater superior bargaining power.  **Broadley v. Masphee Neck Marina**, 471 F3d 272 (1st Cir. 2006).

Although the clause in the 2003-2004 Storage Agreement at issue in this case does not specifically use the words negligence, it nevertheless would be an enforceable clause.  For example, the almost exact same language was found to be valid and enforceable in **Sander v. Alexander Richardson Investments**, 334 F3d 712 (8th Cir 2003).  In **Sander**, the Eight Circuit addressed an exculpatory clause almost exactly like the exculpatory clause in the 2003-2004 Storage Agreement.  Specifically, the clause in **Sander** as well as in the 2003-2004 Storage Agreement specifies that the burden of providing insurance for property damage was the responsibility of the property owner.  This arrangement allowed the parties to determine which party should bear the risk of damage and set the price accordingly.   "Thus achieving a more

rational distribution of risk and allocation or price than the law would otherwise allow." **Sander** 334 F2nd at 718.

In this case, the only factual allegations are that a fire started in adjacent boatyard and spread to the Oyster Harbors Marine, Inc.'s boatyard, thus causing damage to various properties. The property that was present at Oyster Harbors Marine, Inc. was present in conformance with a signed 2003-2004 Storage Agreement. In the agreement, the parties determined that insurance for damage to boats and property would be the responsibility of the property owners and that as such, claims would not be made against the marina. This clause therefore would eliminate the claims brought by the various entities in this matter as against Oyster Harbors Marine, Inc.

## IV.    <u>CONCLUSION</u>

The property owners whose property was damaged or destroyed by fire while on the premise of Oyster Harbors Marine, Inc. had agreed that the property owners would be responsible for maintaining insurance on their property and that they would hold the marina harmless. As such, Oyster Harbors Marine, Inc. is entitled to judgment as a matter of law and would request this court to enter judgment in its favor on all claims and counts addressed against Oyster Harbors Marine, Inc.

Respectfully submitted,

/s/ John H. Bruno II
John H. Bruno II, Esquire
B.B.O. No. 542098
Masi & Bruno
124 Long Pond Road
Unit 11
Plymouth, MA 02360
(508)747-5277
JBruno@Hanover.com