UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

C.A. No. 04-12244-GAO
Consolidated

---

STANDARD FIRE INSURANCE COMPANY, )
    Plaintiff )
)
)
v. )
)
)
CROSBY YACHT YARD, INC and )
OYSTER HARBORS MARINE, INC., )
    Defendants )

---

**PLAINTIFFS ACE AMERICAN INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, MARYLAND CASUALTY COMPANY, NORTHERN INSURANCE COMPANY, SOLDIER OF FORTUNE CORPORATION, DIANE L. COMOLETTI, AND JAMES F. CLEARY'S OBJECTION TO DEFENDANT OYSTER HARBORS MARINE, INC.'S MOTION FOR SUMMARY JUDGMENT**

Now come the plaintiffs, ACE American Insurance Company, Federal Insurance Company, Insurance Company of North America, Maryland Casualty Company, Northern Insurance Company, Soldier of Fortune, Diane L. Comoletti, and James F. Cleary, in the above entitled action, by their attorney, and object to the defendant Oyster Harbor Marine, Inc.'s motion for summary judgment. As more fully set forth in the accompanying Memorandum In Opposition, the plaintiffs request that this Court deny the defendant Oyster Harbor Marine, Inc.'s motion for summary judgment on the grounds that:

1. due to the existence of a bailment relationship, the defendant Oyster Harbor Marine, Inc. cannot assert an exculpatory clause. Sander v. Alexander Richardson Invs., 334 F.3d 712, 719 (8th Cir. 2003) and Fireman's Fund Am.

Ins. Co. v. Capt. Fowler's Marina, Inc., 343 F.Supp. 347, 350 (D. Mass. 1971).

2. as a warehouseman, Oyster Harbor Marine, Inc. was prohibited by Mass. Gen. L. c. 106, sec. 7-202 from inserting the subject exculpatory clause into the Storage Agreement.

3. the exculpatory clause contained in the 2003-2004 Storage Agreement is overly broad in that it exempts the defendant from all liability whatsoever. *See* Broadley v. Mashpee Neck Marina, Inc., 471 F.3d 272, 274-275 (2006). In its decision in Broadley, the First Circuit Court of Appeals, following La Esperanza de P.R., Inc. v. Perez Y Cia de P.R., Inc., 124 F.3d 10 (1st Cir. 1997), determined that an exculpatory clause exempting a defendant from all liability whatsoever was overbroad, Broadley at 274-275, and unenforceable as against public policy, *id.* at 276.

This opposition is accompanied by Plaintiff's Memorandum In Opposition To The Defendant Oyster Harbor Marine, Inc.'s Motion For Summary Judgment., which is incorporated herein by reference as if fully set forth herein.

WHEREFORE, the plaintiffs respectfully requests that this Honorable Court deny the defendant's motion and grant such other and further relief as may be necessary and just.

Respectfully submitted,

ACE American Insurance Company, Federal Insurance Company, Insurance Company of North America, Maryland Casualty Company, Northern Insurance Company, Soldier of Fortune, Diane L. Comoletti, and James F. Cleary,

By their attorneys,

/s/ Paul F. Cavanaugh
Paul F. Cavanaugh, BBO# 51158
Daly Cavanaugh LLP
27 Mica Lane-Suite 101
Wellesley, MA 02481-1741
(781) 237-0600
pfc@dalylaw.com

### Certificate of Service

I hereby certify that on the 27th day of February, 2007, I electronically filed Plaintiffs' Objection To Defendant Oyster Harbor Marine, Inc.'s Motion For Summary Judgment with the Clerk of the Court using the CM/ECF system, /s/ Paul F. Cavanaugh