**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

STANDARD FIRE INSURANCE COMPANY and )
PAUL KANEB                           )
                Plaintiffs )
                            )
      v.                            )   CIVIL ACTION NO. 04-12244
                            )             (GAO)
                            )
CROSBY YACHT YARD, INC. AND           )
OYSTER HARBORS MARINE, INC.,          )
                Defendants )

**JOINT MOTION IN LIMINE OF ALL PLAINTIFFS TO PRECLUDE**
**TESTIMONY OF DEFENDANT CROSBY YACHT YARD'S**
**EXPERT WITNESSES**

Now come all the plaintiffs in the above captioned matter and hereby move in limine to preclude the testimony of certain expert witnesses of the defendant, Crosby Yacht Yard, Inc. As grounds therefore, the plaintiffs submit the following memorandum.

**FACTS**

This matter involves claims arising out of a fire which occurred on December 10, 2003 in Osterville, Massachusetts. On that date, a fire started in a boat storage facility located on the property of defendant Crosby Yacht Yard, Inc. ("Crosby"). The fire eventually spread to the adjacent Oyster Harbors Marine, Inc. property and storage facility. As a result of the fire, multiple vessels, valued at over $3,000,000.00, were destroyed. Additionally, the Oyster Harbors Marine, Inc. facility suffered property damage and other economic loss to be more fully developed at time of trial. The plaintiffs in this matter include subrogated insurance companies, boat owners with

uninsured losses and the Oyster Harbors Marine facility.

The parties have engaged in discovery for approximately the last 2 ½ years, including extensions of discovery deadlines.  The matter is now scheduled for a final pre-trial conference on March 27, 2008 and scheduled to commence trial on April 7, 2008.

**ARGUMENT**

**The defendant Crosby should be precluded from presenting expert testimony at trial based on the defendant's failure to comply with the requirements with F.R.C.P. 26(a)(2)**

This matter, by its nature, involves highly technical issues regarding the origin of the fire, issues related to fire spread, the adequacy of detection and suppression equipment, the applicability of various state fire and building codes, as well as NFPA codes and other issues beyond the common knowledge and experience of a fact finder.

On or about May 24, 2007 counsel for Crosby served plaintiffs' counsel with a letter which purported to constitute Crosby's expert witness disclosures.  That document is attached to this motion as **Exhibit 1**.  The document lists five individuals who would allegedly be providing expert testimony on behalf of Crosby at trial.  For each witness, Crosby provided one paragraph which contained, in summary form, broad conclusory statements of proposed testimony.  In addition to the May 24, 2007 letter attached as **Exhibit 1**, Crosby also provided a CV and list of trial and deposition testimony for one of the listed experts, Michael L. Collyer.  The Collyer CV and list of testimony is attached as **Exhibit 2.**

The May 24, 2007 letter also stated the following with regard to the alleged expert disclosures: "We note that there has been a substantial amount of material received from counsel for the plaintiffs as well as Oyster Harbors, both as plaintiff and defendant. The following is only an initial designation and will be supplemented in the upcoming days as the material received from you is digested and analyzed."... "The defendant expects to seasonably supplement this designation. Resumes and prior testimony will be provided within the next few days."  See **Exhibit 1.**

As this court is well aware, in Federal Court civil matters expert discovery is covered by Rule 26(a)(2).  The information provided by Crosby in the May 24, 2007 letter fails to comply with this well established Federal rule.  Specifically, Rule 26(a)(2) states as follows:

> (2) *Disclosure of expert testimony*
>
>> (A) *In General.*  In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705.
>>
>> (B) *Written Report.*  Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  The report must contain:
>>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>>> (ii) the data or other information considered by the witness in forming them;
>>> (iii) any exhibits that will be used to summarize or support them;
>>> (iv) the witnesses' qualifications, including a list of all publications authored in the previous ten years;
>>> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>>> (vi) a statement of the compensation to be paid for the study and

testimony in the case.

The May 24, 2007 purported disclosure by Crosby fails to comply with this rule in almost every material respect. The disclosure of the identity of the witnesses was not accompanied by a written report, and no written report has ever been provided with regard to any of the five experts disclosed in the letter. Even the letter itself, which simply provided a paragraph summarizing each expert's expected testimony, was not signed by the witnesses, but was signed instead by counsel. The cursory description of each witnesses' expected testimony did not contain a "complete statement of all opinions the witness will express and the basis and reasons for them." The disclosure also failed to provide any data considered by the witnesses in forming opinions, and with the exception of Mr. Collyer did not contain the requisite information regarding the witnesses' qualifications, including a list of all publications authored in the previous ten years, other cases in which the witnesses testified in the last four years or a statement regarding the compensation to be paid for the testimony in the case. For instance, the paragraph describing the testimony of Messrs. William Nolan and William Nolan, Jr. stated as follows:

> "Mr. Nolan and Mr. Nolan are fire cause and origin experts who will testify concerning the various aspects of the fire that involved the Crosby and Oyster Harbors premises on December 10, 2003. They will also rebut the plaintiffs' experts' allegations concerning spray painting requirements as applied to the activity that went on at Crosby Yacht Yard. Their opinions will be based on their review of evidence at the scene, their investigation of the fire, as well as their experience and training as fire investigators, as well as their review of the depositions and other documentary evidence in this case."

The "disclosures" relative to the other experts are similar in content and scope.

As noted above, these disclosures clearly violate both the letter and the spirit of Rule 26(a)(2). The requirements of Rule 26(a)(2) were instituted by the federal court as an important element of the overhaul of the rules relating to discovery in civil matters. The Federal bench has recognized that Rule 26(a)(2) increases the quality of trials by better preparing attorneys for cross examination, and that the failure to provide an expert report that satisfies the specific requirements of Rule 26(a)(2)(B) "undermines the opposing counsel's ability to prepare for trial." *Rossi Pena-Crespo v. Commonwealth of Puerto Rico,* 408 F. 3d 10, 13 (1st Cir. 2005) (quoting, *Laplace-Bayard v. Batlle*, 295 F. 3d 157, 162 (1st Cir. 2002).

Because of the significant importance placed on the requirements of Rule 26(a)(2), courts have not hesitated to impose the sanction of testimony preclusion when the rule has been violated. As noted in the advisory committee note to Rule 26, "The information disclosed under the former rule in answering interrogatories about the 'substance' of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness. Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed… the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness." F.R.C.P. 26(a)(2), *Advisory Committee Notes,* 1993 Amendments, paragraph (2). Such sanctions are "automatic and mandatory" unless the party failing to disclose can show the failure was justified or harmless. *Coastal Fuels of Puerto Rico v. Caribbean Petroleum Corp.,*

79 F. 3d 182 (1st Cir. 1996); *Dairy Farmers of America, Inc. v. Travelers Insurance Co.,* 391 F. 3d 936, 943-44 (8th Cir. 2004); *Salgado v. General Motors Corp.,* 150 F. 3d 735, 742 (7th Cir. 1998).

Crosby's expert disclosures speak for themselves. They clearly do not comply with virtually any aspect of Rule 26(a)(2). Despite the passage of approximately eight (8) months since the deadline for exchanging expert disclosures, Crosby has provided no meaningful expert information. Therefore, pursuant to the provisions of Federal Rule of Civil Procedure 37(c)(1), Crosby should be precluded from presenting expert testimony at trial.

Respectfully submitted,

| For the plaintiff, | For the plaintiff, |
|---|---|
| STANDARD FIRE INSURANCE COMPANY | OYSTER HARBORS MARINE |
| PAUL KANEB | BUSINESS TRUST, |
| By their attorneys, | By its attorneys, |

**REGAN & KIELY LLP**  **WHITE & WILLIAMS LLP**

/s/ Robert E. Kiely    /S/ Deborah A. Crinigan
Robert E. Kiely, Esquire (BBO #556640)   Deborah A. Crinigan
rek@regankiely.com    crinigand@whiteandwilliams.com
88 Black Falcon Avenue, Suite 330   1800 Liberty Place
Boston, MA 02210    Philadelphia, PA 19103
(617)723-0901    (215)864-7123

| | |
|---|---|
| ACE AMERICAN INS. CO., ET AL.<br>By its attorneys, | UTICA MUTUAL<br>By its attorneys, |
| **DALY CAVANAUGH LLP** | **FOLAN & MCGLONE, P.C.** |
| /S/ Paul F. Cavanaugh<br>Paul F. Cavanaugh (BBO#561158)<br>pfc@dalylaw.com<br>27 Main Street<br>Wellesley, MA 02481<br>(781)237-0600 | /S/ John Folan<br>John Folan (BBO#<br>folan.mcglone@verizon.net<br>P.O. Box 2095<br>New Bedford, MA 02741<br>(508)992-9800 |

ONE BEACON

By its attorneys,

**CLINTON & MUZYKA, P.C.**

/S/ Robert E. Collins
Robert E. Collins (BBO#555843)
Rcollins@clinmuzyka.com
One Washington Mall
Boston, MA 02108
(617)723-9165